AO 104 (Rev. 07/16) Tracking Warrant



CLERK'S OFFICE
A TRUE COPY
Mar 21, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked )*<br><br>A red 2007 Chevrolet Equinox, bearing Wisconsin<br>license plates AMD-3461, VIN:<br>2CNDL13F676022774, located near 2825 W. Pierce<br>St, #A, Milwaukee, Wisconsin | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. **23-M-344 (SCD)** |

## TRACKING WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ☑ is located in this district; ☐ is not now located in this district, but will be at execution; ☐ the activity in this district relates to domestic or international terrorism; ☐ other:
_____ .

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that
*(check the appropriate box)* ☐ using the object      ☑ installing and using a tracking device
to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

☑ I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: A red 2007 Chevrolet Equinox, bearing Wisconsin license plates AMD-3461, VIN: 2CNDL13F67602277, located at 2825 W. Pierce St, #A, Milwaukee, Wisconsin.

**YOU ARE COMMANDED** to execute this warrant and begin use of the object or complete any installation authorized by the warrant by _____March 31, 2023_____ *(no later than 10 days from the date this warrant was issued)* and may continue to use the device until _____May 5, 2023_____ *(no later than 45 days from the date this warrant was issued)*. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*
☑ into the vehicle described above      ☐ onto the private property described above
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to *(United States Magistrate Judge)* _____Hon. Stephen C. Dries_____ and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

☑ Pursuant to 18 U.S.C. § 3103a(b)(1), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and this warrant prohibits the seizure of any tangible property or any wire or electronic communications (as defined in 18 U.S.C § 2510). I therefore authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☑ until, the facts justifying, the later specific date of _____09/17/2023_____ .

Date and time issued: _____3-21-23 10:50 am_____

_____*Stephen C. Dries*_____
*Judge's signature*

City and state:    Milwaukee, Wisconsin

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

Case No.

### Return of Tracking Warrant With Installation

1.  Date and time tracking device installed: _____

2.  Dates and times tracking device maintained: _____

3.  Date and time tracking device removed: _____

4.  The tracking device was used from *(date and time)*: _____

    to *(date and time)*: _____ .

### Return of Tracking Warrant Without Installation

1.  Date warrant executed: _____

2.  The tracking information was obtained from *(date and time)*: _____

    to *(date and time)*: _____ .

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 102 (01/09) Application for a Tracking Warrant



CLERK'S OFFICE
A TRUE COPY
Mar 21, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Wisconsin

In the Matter of the Tracking of
*(Identify the person to be tracked or describe
the object or property to be used for tracking)*
A red 2007 Chevrolet Equinox, bearing Wisconsin
license plates AMD-3461, VIN:
2CNDL13F676022774, located near 2825 W. Pierce
St, #A, Milwaukee, Wisconsin

)
)
)
)
)
)
)

Case No. **23-M-344 (SCD)**

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of ___21___ U.S.C. § ___841___. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☐ property designed for use, intended for use, or used in committing a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A red 2007 Chevrolet Equinox, bearing Wisconsin license plates AMD-3461, VIN: 2CNDL13F67602277, located near 2825 W. Pierce St, #A, Milwaukee, Wisconsin.

☑ Delayed notice of _____ days (give exact ending date if more than 30 days: ___09/17/2023___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

KELLEN WILLIAMS
Digitally signed by KELLEN WILLIAMS
Date: 2023.03.20 16:55:58 -05'00'

*Applicant's signature*

DEA SA Kellen Williams

*Applicant's printed name and title*

Sworn to me telephonically and transmitted via email.

Date: ___3-21-23___

City and state: ___Milwaukee, Wisconsin___

*Judge's signature*

Hon. Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT

I, Kellen J. Williams, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to install and monitor an electronic tracking device to determine the location of a vehicle more particularly described as a **red 2007 Chevrolet Equinox, bearing Wisconsin license plates AMD-3461, VIN: 2CNDL13F676022774** (hereinafter "**Subject Vehicle**").

2. I have been employed as a Special Agent with the Drug Enforcement Administration ("DEA") since September 2012. I am currently assigned to the DEA Milwaukee District Office. As such, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3. I have participated in numerous complex narcotics investigations which involved violations of state and federal controlled substances laws and money laundering laws including Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and Title 18, United States Code, Sections 1956 and 1957, and other related offenses. I have had both formal training and have participated in numerous complex drug trafficking investigations, including ones using wiretaps. More specifically, my training and experience includes the following:

    a.    I have utilized informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

    b.    I have also relied upon informants to obtain controlled substances from dealers, and have made undercover purchases of controlled substances;

c.  I have extensive experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of numerous search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

d.  I am familiar with the appearance and street names of various drugs, including marijuana, heroin, cocaine, cocaine base (unless otherwise noted, all references to crack cocaine in this affidavit is cocaine base in the form of crack cocaine), ecstasy, and methamphetamine. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

e.  I am familiar with the language utilized over the telephone to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

f.  I know that drug traffickers often use electronic equipment and wireless and land line telephones to conduct drug trafficking operations;

g.  I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such;

h.  I have been assigned to court-authorized wiretaps and have been trained to operate the equipment utilized to conduct such operations;

i.  I know that drug traffickers often put their telephones in nominee names in order to distance themselves from telephones that are utilized to facilitate drug trafficking; and

j.  I know that drug traffickers often use drug proceeds to purchase assets such as vehicles, property, and jewelry. I also know that drug traffickers often use nominees to purchase and/or title these assets in order to avoid scrutiny from law enforcement officials.

4.  I am currently participating in an investigation of drug trafficking and money laundering involving Jose JIMENEZ-Polanco and others. I am familiar with the facts and circumstances regarding this investigation as a result of my personal participation in this investigation, and my review of: (a) reports prepared by, and information obtained from, other federal, state, and local law enforcement agents and officers, all of whom I believe to be truthful and reliable; and (b) financial records obtained via subpoena. This affidavit is intended to show

merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1), 843(b) and 846, and Title 18, United States Code, Sections 1956 and 1957, have been committed, are being committed, and will be committed by Jose JIMENEZ-Polanco, and others not yet identified. There is also probable cause to believe that the location of the subject vehicle will constitute evidence of those criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

6. In February 2023, a confidential source (CS-1) contacted case agents and stated s/he was in contact with an unidentified Mexican based money broker who told him/her that unknown Hispanic males were in possession of $1,000,000 in the Milwaukee, Wisconsin area that needed to be laundered in the U.S. and returned to Mexico. The unidentified Hispanic males in Milwaukee needed the drug proceeds to be picked up for laundering as soon possible in four increments of $250,000.

7. CS-1, who in the past has posed as a money broker, agreed to accept the contract with the unidentified Mexican based money broker. Acting at the direction of case agents, CS-1 then contacted the unidentified Mexican based money broker with a phone number belonging to a second confidential source ("CS-2"). CS-1 and the money broker agreed that they would use CS-2 to pick up the money in the Milwaukee area. CS-2 would then provide the money to CS-1, who would complete the laundering.

8.      Case agents believe that CS-1's information is credible and reliable for the following reasons: the CS is working for financial consideration and has been working with law enforcement for over 5 years; Information provided by CS has been independently verified by law enforcement officials, and has led to the seizure of more than $5 Million dollars, and the arrest of multiple individuals; and the CS is in a position where he/she regularly interacts with individuals who seek to distribute narcotics and narcotics proceeds, and that CS holds herself /himself out to participate in a narcotics related business.  The CS has no known criminal history.

9.      Case agents believe CS-2's information to be credible and reliable for the following reasons.  CS-2 has given case agents detailed and corroborated information concerning numerous individuals involved in drug trafficking, which case agents have independently verified;  CS-2 has provided information to agents, which directly led to the seizure of kilogram quantities of narcotics; CS-2 has provided information against the CS's penal interest in that the CS has admitted his/her involvement in drug trafficking activities in the past; CS-2 is cooperating with case agents in hope of favorable consideration regarding pending federal narcotics charges; and CS-2 has had an adequate opportunity to directly observe the events discussed and has heard conversations directly from the individual discussed herein.

10.      On March 1, 2023, at approximately 2:30 p.m., CS-2 received an incoming call from (262) 900-3769, used by JIMENEZ-Polanco.  During the phone call, which was not recorded, JIMENEZ-Polanco told the CS he had something for him. CS-2 told JIMENEZ-Polanco he/she would call back to coordinate a time.  CS-2 and JIMENEZ-Polanco spoke again later that day and agreed to meet the following day.

11. On March 2, 2023, at approximately 10:09 a.m., JIMENEZ-Polanco sent a text message to CS-2 directing him/her to meet at the El Rey on S. 35th St and W. Burnham Ave in Milwaukee. JIMENEZ-Polanco indicated he would be driving a white Cadillac.

12. At approximately 1:00 p.m., case agents observed a white Cadillac Escalade, bearing Wisconsin truck license plate TU8555, arrive in the parking lot of El Rey. These license plates list to Arturo Andrade Fregoso, of 2070 S. 35th St., Milwaukee, WI. The vehicle subsequently drove out of the parking lot and parked on S. 36th St., just west of the business. CS-2 made contact with JIMENEZ-Polanco at (262) 900-3769 and negotiated about the amount of the money pickup. Eventually, CS-2 informed JIMENEZ-Polanco the transaction would not take place that day and the Escalade drove away from that location. Case agents maintained surveillance of the vehicle until it arrived at 2825 West Pierce St. #A, Milwaukee, Wisconsin. The driver of the Escalade, later identified as Jose JIMENEZ-Polanco, exited the driver's seat of the Escalade, removed a large green duffel bag from the back seat and walked toward the rear door of the residence, out of view. Electronic surveillance confirmed that the phone assigned phone number (262) 900-3769 had travelled with JIMENEZ-Polanco to that location. Case agents maintained surveillance at that location for over four hours until JIMENEZ-Polanco left the residence, empty-handed, and entered the Escalade. JIMENEZ-Polanco drove away from the residence. Case agents subsequently conducted a traffic stop of the Escalade at 2073 S. 34th St., Milwaukee, WI, and took JIMENEZ-Polanco into custody.

13. JIMENEZ-Polanco subsequently provided written consent to search the Escalade and his residence at 2825 W. Pierce St. #A, Milwaukee, WI. During a search of the Escalade, case agents located $30,000.00 in United States currency, the phone assigned phone number (262) 900-3769, and a second phone assigned phone number (414) 458-2118.

14. During a search of the residence at 2825 W. Pierce St, #A, Milwaukee, WI, case agents located $1,079,274 in U.S. currency hidden throughout the residence. Case agents also located a **red Chevrolet Equinox** (the **Subject Vehicle**) parked on W. Pierce Street directly in front of the residence. During a post-Miranda interview of JIMENEZ-Polanco, JIMENEZ-Polanco admitted the money in the residence was drug proceeds but would not reveal the source of the money. JIMENEZ-Polanco was released with the phone assigned phone number (414) 458-2118. JIMENEZ-Polanco provided written consent to search the phone assigned phone number (262) 900-3769, which was seized by case agents.

15. During a review of the information retrieved from (262) 900-3769, case agents located several text messages between (262) 900-3769 (JIMENEZ-Polanco) and (913) 203-6524.[1] The text messages reveal that JIMENEZ-Polanco and the user of (913) 203-6524 met on/or about December 25, 2022, and February 16, 2023, in Kansas City, KS. On February 16, 2023, at 1:38 p.m., the user of (913) 203-6524 texted JIMENEZ-Polanco, "4305 State Ave, Kansas City, KS 66102". At 1:40 p.m., JIMENEZ-Polanco sent a text message that was translated to the following, "What car do you have?" "I'm already here." At 1:43 p.m., the user of (913) 203-6524 replied, "I'll be there." "I'm in a brown truck." "You?" At 1:44 p.m., JIMENEZ-Polanco responded, "**Tinted Equinox**." Case agents are aware of an active investigation involving the user of (913) 203-6534. In that investigation, the user of (913) 203-6534 is in contact with other known drug traffickers and is suspected to be involved in money laundering and drug trafficking. Furthermore, the user of (913) 203-6534 has been observed at a known drug stash locations in the Kansas City, KS, area. Case agents believe that JIMENEZ-

---

[1] The text messages recovered from (262) 900-3769 are in Spanish and were translated to English by a Spanish speaking case agent involved in the investigation.

Polanco drove to Kansas City, KS, for the furtherance of his drug trafficking and/or money laundering activity.

16. On March 3, 2023, and again on March 8, 2023, case agents interviewed JIMENEZ-Polanco at the DEA Milwaukee District Office in West Milwaukee, Wisconsin. On both occasions, JIMENEZ-Polanco arrived at the DEA Office driving the **Subject Vehicle**. Also on both occasions, JIMENEZ-Polanco repeatedly lied about his involvement in money laundering and drug trafficking.

17. A check of the Wisconsin Department of Motor Vehicles revealed Wisconsin license plate AMD-3461 is registered to a **2007 Chevrolet Equinox**, red in color, VIN 2CNDL13F676022774, with a listed owner of Jose A Jimenez Polanco, 2825a W Pierce St, Milwaukee, WI.

18. Based on the aforementioned information, and physical surveillance, I believe that Jose JIMENEZ-Polanco is using the **Subject Vehicle** in furtherance of the drug trafficking and money laundering activities of the JIMENEZ-Polanco DTO. On numerous occasions since March 2, 2023, I personally observed the **Subject Vehicle** parked in close proximity to 2825 W. Pierce St, #A, Milwaukee, Wisconsin, the residence of JIMENEZ-Polanco.

19. In order to track the movement of the **Subject Vehicle** effectively and to decrease the chance of detection, I seek to place a tracking device in or on the subject vehicle while it is in the Eastern District of Wisconsin. Because Jose JIMENEZ-Polanco may sometimes park the **Subject Vehicle** on private property, it may be necessary to enter onto private property and/or move the **Subject Vehicle** in order to affect the installation, repair, replacement, and removal of the tracking device. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation and removal of

the tracking device during both daytime and nighttime hours. On numerous occasions, the **Subject Vehicle** has been observed parked on the street in close proximity to 2825 W. Pierce St, #A, Milwaukee, Wisconsin, the residence of Jose JIMENEZ-Polanco. Due to the proximity of the parking area to the residence, installation and removal of the tracking device would be extremely difficult to accomplish during daytime hours without being detected.

## AUTHORIZATION REQUEST

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 authorizing the periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

21. It is further requested that in the event that the **Subject Vehicle** travels outside the territorial jurisdiction of the court, the order authorize the continued monitoring of the electronic tracking device in any jurisdiction within the United States, pursuant to 18 U.S.C. § 3117.

22. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 180 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the owner or user of the **Subject Vehicle** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. §

3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).